**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Spectrum Laboratories, LLC, | ) |
|     Plaintiff, | ) Case No. 1:24-cv-29 ) ) Judge |
| vs. | ) ) |
| Quick Fix Plus, | ) Jury Trial Demanded ) |
|   and | ) ) |
| Does #1-10. | ) ) |
|     Defendants. | ) |

## Complaint

For its complaint against defendants Quick Fix Plus and Does #1-10, plaintiff Spectrum Laboratories, LLC ("Spectrum") states:

## Summary of Case

1. Spectrum is the market leader in the synthetic urine industry, and its most popular product, *Quick Fix*, has been the top synthetic product in the market for many years.

2. Spectrum has been using its QUICK FIX® trademark for its synthetic product in commerce for over two decades, and owns an incontestable federal trademark registration for QUICK FIX.

3. Defendants Quick Fix Plus and Does #1-10 (collectively, the "defendants") have stolen, counterfeited, and infringed Spectrum's QUICK FIX mark by, among other things, misappropriating the trademarked name of Spectrum's product as a business name by calling themselves "Quick Fix Plus," creating a fraudulent "Quick Fix Plus" logo that incorporates Spectrum's QUICK FIX mark and its Q-Clock logo, and operating an online store at the QuickFix.Plus domain name.

32894394.3

4. Defendants engage in this conduct willfully with the bad faith intent of deceiving customers into believing that the website is a Spectrum website, defendants are the source of the *Quick Fix* and *Quick Fix Plus* products, and the "Quick Fix Plus" business is owned by or affiliated with Spectrum.

5. Spectrum sues to stop defendants' infringement, cyberpiracy, and other acts of unfair competition and deceptive trade practices, to protect Spectrum's customers and brand image, and to obtain compensation for the harm to Spectrum's sales and goodwill.

### The Parties

6. Spectrum Laboratories, LLC is an Ohio limited liability company with a principal place of business in Cincinnati, Ohio.

7. Quick Fix Plus is a business that owns and operates an online store at the domain name QuickFix.Plus with an advertised physical address of 461 Ellicott St., Buffalo, New York 14203. Spectrum presently does not know whether Quick Fix Plus is an incorporated or unincorporated business entity.

8. Does #1-10 are the presently unknown individuals or business entities that own or control Quick Fix Plus, act on behalf of Quick Fix Plus with respect to the unlawful acts alleged herein, or assist Quick Fix Plus with the unlawful acts alleged herein.

### Jurisdiction and Venue

9. The Court has subject matter jurisdiction over Spectrum's Lanham Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 because they arise under federal law.

10. The Court has subject matter jurisdiction over Spectrum's Copyright Act claims under 28 U.S.C. § 1338.

11. The Court has supplemental jurisdiction over Spectrum's state law claims under 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part

of the same case or controversy under Article III of the U.S. Constitution.

12. This Court has personal jurisdiction over defendants because, among other things, they are intentionally confusing and harming Ohio residents; transacting business in Ohio at least through the deceptive website and selling product through their online store to Ohio residents and shipping product into Ohio; selling, contracting to sell, and offering to sell goods in Ohio to Ohio individuals and businesses at least through the deceptive website and online store; committing tortious acts in Ohio at least through the deceptive website that is made available in Ohio and has been accessed and used by Ohio residents; and are causing tortious injury in Ohio to Spectrum with the reasonable expectation that Spectrum would be harmed in Ohio.

13. Venue is proper under 28 U.S.C. §§ 1391 and 1400 because defendants are subject to personal jurisdiction in this district, have committed acts of infringement in this district, and a substantial part of the events giving rise to the claim occurred in this district.

**Relevant Facts**

I. **Spectrum's Rights**

14. Spectrum offers the leading synthetic urine products in the market: *Quick Fix* and *Quick Fix Plus*:



32894394.3

15. Spectrum has sold its *Quick Fix* product continuously under the QUICK FIX mark since at least 1999.

16. Spectrum owns a variety of intellectual property rights related to its business and the *Quick Fix* family of products, including patents, trademarks, and copyrights.

17. For example, Spectrum owns U.S. Patent Nos. 7,192,776 (the "'776 patent") and 9,128,105 (the "'105 patent"), which cover the *Quick Fix* formula, which are attached as Exhibits A and B, respectively.

18. Spectrum owns all common law and registered trademark rights to the QUICK FIX mark in connection with synthetic urine, including an incontestable federal registration, Reg. No. 4,453,892, attached as Exhibit C.

19. Spectrum also owns all common law and registered trademark rights to a distinctive Q-CLOCK logo (shown in the following paragraph) that appears on *Quick Fix*, on other Spectrum products, and on Spectrum's website at urineluck.com. Spectrum owns a federal registration to the Q-CLOCK logo, Reg. No. 5,791,421, attached as Exhibit D.

20. Spectrum owns a copyright to its Q-Clock logo (the "Q-Clock Work"):



A copy of Spectrum's copyright registration, Reg. No. VA 2-216-597, is attached as Exhibit E.

21. Spectrum's trademarks are strong and inherently distinctive marks, are well known in the marketplace, and relevant customers readily associate them with Spectrum.

## II. Defendants' Wrongful Acts

22. Without Spectrum's permission, defendants have used the QUICK FIX mark and Q-CLOCK logo to deceive and confuse customers into believing that defendants are

4

32894394.3

Spectrum and the source of *Quick Fix* products.

23. Here are just a few examples of the deceptive and unlawful acts by defendants:

    A. Using Spectrum's QUICK FIX mark and Q-CLOCK logo throughout the QuickFix.Plus website in ways that confuse customers into believing that the Quick Fix Plus business and its website are the source of the *Quick Fix* product. A true copy of the homepage for the QuickFix.Plus website, obtained on January 23, 2024, is attached as Exhibit F.

    B. Misappropriating the name "Quick Fix Plus" as the name of their business selling Spectrum's *Quick Fix* and *Quick Fix Plus* products.

    C. Creating and using a "Quick Fix Plus" logo that incorporates Spectrum's QUICK FIX mark and its Q-CLOCK logo without Spectrum's permission, and displaying the logo repeatedly on defendants' QuickFix.Plus website:



    (obtained from <quickfix.plus> on January 23, 2024.)

    D. Referring to the *Quick Fix* product as "our proven formula" at least on the QuickFix.Plus website in 2023,[1] which is untrue because Quick Fix Plus did not invent and does not own the *Quick Fix* formula.

    E. Using the QUICK FIX mark in the <quickfix.plus> domain name and in email addresses, such as support@quickfix.plus.

24. Defendants' use of the QUICK FIX mark and Q-CLOCK logo on the QuickFix.Plus website, in their email address, and likely elsewhere confuses customers into believing that defendants are Spectrum or are affiliated with Spectrum, the website is Spectrum's website or is affiliated with Spectrum, and defendants are the source of the

---

[1] A true copy of the QuickFix.Plus homepage from October 10, 2023, obtained from the Internet Archive <web.archiv.org>, which contains the false "our proven formula" statement, is attached as Exhibit G.

5

32894394.3

products offered on the website.

25. Defendants have infringed Spectrum's Q-Clock copyright at least by reproducing the Q-Clock Work in its logo, displaying it in multiple places on the QuickFix.Plus website, and preparing derivative works based upon it.

26. Making matters worse, defendants are selling a synthetic urine product called "*U-Pass*" that competes against Spectrum's *Quick Fix* product on the QuickFix.Plus website, which confuses customers into believing that *U-Pass* is a Spectrum product. A true copy of the *U-Pass* offering on the QuickFix.Plus website is attached as Exhibit H.

27. Defendants have committed their infringing acts with specific intent to deceive customers into believing the "Quick Fix Plus" business and the QuickFix.Plus website are owned by or affiliated with Spectrum and to unjustly profit off of the goodwill and popularity of Spectrum, its *Quick Fix* products, and its trademarks.

28. Indeed, the fact that Spectrum sells a variation of the *Quick Fix* product called "*Quick Fix Plus*" makes defendants' use of the phrase "Quick Fix Plus" as a business name and in other unauthorized ways certain to cause confusion, and it evidences that defendants' intent is to cause confusion and to profit from the confusion.

29. On November 3, 2023, Spectrum wrote to Quick Fix Plus and demanded that it cease and desist using the QUICK FIX mark and Q-CLOCK logo.

30. On November 9, 2023, an attorney from a law firm in Syracuse, New York, responded on behalf of Quick Fix Plus and communicated that Quick Fix Plus would not cease using the QUICK FIX mark and Q-CLOCK logo, thus necessitating this lawsuit.

### Count One
*Trademark Infringement under the Lanham Act*
(15 U.S.C. §§ 1114, 1125)

31. Spectrum incorporates by reference all preceding allegations in this

complaint as if fully rewritten herein.

32. Spectrum's QUICK FIX mark and Q-CLOCK logo are valid and legally enforceable.

33. Spectrum's QUICK FIX mark is incontestable under 15 U.S.C. § 1065.

34. Spectrum is the exclusive owner of the QUICK FIX mark and the Q-CLOCK logo, including federally-registered rights and common law unregistered rights.

35. Defendants have no right, authority, or permission to use the QUICK FIX mark or Q-CLOCK logo.

36. In connection with the sale and marketing of goods, defendants have used the QUICK FIX mark, the Q-CLOCK logo, and other words, terms, names, symbols, devices, and combinations thereof at least on the QuickFix.Plus website, in the "Quick Fix Plus" business name, and in the <quickfix.plus> domain name in ways that are likely, if not certain, to cause confusion, mistake, and deception as to the affiliation, connection, association between Spectrum and defendants and as to the origin, sponsorship, and approval of the QuickFix.Plus website and the products sold on the website.

37. Defendants have infringed Spectrum's trademark rights under 15 U.S.C. §§ 1114, 1125.

38. Defendants' trademark infringement constitutes use of a counterfeit mark under 15 U.S.C. §§ 1116 and 1117.

39. Defendants' infringement was and is willful and intentional.

40. Defendants' infringement has damaged Spectrum and has caused it irreparable harm, which will continue unless defendants' unlawful conduct is enjoined by this Court.

**Count Two**
*Unfair Competition under the Lanham Act*
(15 U.S.C. § 1125)

41. Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

42. As described above, defendants have used words, terms, names, symbols, devices, and combinations thereof, in ways that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendants, the Quick Fix Plus business, the QuickFix.Plus website, and their goods and services, on the one hand, and Spectrum and its goods and services, on the other.

43. Defendants' willful and unlawful activities, as described above, are unfair competition under the Lanham Act.

44. Defendants' unfair competition has damaged Spectrum and caused it irreparable harm, which will continue unless defendants' unlawful conduct is enjoined by this Court.

**Count Three**
*Violations of the Ohio Deceptive Trade Practices Act*
(Ohio Revised Code § 4165.01 *et seq*.)

45. Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

46. Defendants' unlawful activities, as described above, violate Ohio's Deceptive Trade Practices Act.

47. Defendants' willful violations of Ohio's Deceptive Trade Practices Act have damaged Spectrum and have caused it irreparable harm, which will continue unless defendants' unlawful conduct is enjoined by this Court.

32894394.3

## Count Four
*Unfair Competition under Ohio Common Law*

48. Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

49. Defendants' willful and unlawful activities, as described above, are unfair competition under Ohio common law.

50. Defendants' unfair competition has damaged Spectrum and caused it irreparable harm, which will continue unless defendants' unlawful conduct is enjoined by this Court.

## Count Five
*False Advertising under the Lanham Act*
(15 U.S.C. § 1125)

51. Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

52. Defendants have made false and misleading statements of fact, including (without limitation) statements that *Quick Fix* is "our proven formula," when defendants do not own *Quick* Fix, do not own the *Quick Fix* formula, and played no role whatsoever in the invention of the formula.

53. Defendants' false advertising has damaged Spectrum and has caused it irreparable harm, which will continue unless defendants' infringing conduct is enjoined by this Court.

## Count Six
*Cyberpiracy under the Lanham Act*
(15 U.S.C. § 1125(d))

54. Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

9

32894394.3

55. The <quickfix.plus> is confusingly similar to the QUICK FIX mark.

56. Defendants registered and used the <quickfix.plus> domain name with bad faith intent to profit at least by using the domain name to host a fraudulent website that fools customers into buying products from the website by deceiving them into believing that the websites are the source of *Quick Fix* products and owned by Spectrum.

57. Defendants' actions constitute cyberpiracy under 15 U.S.C. § 1125(d).

58. Defendants' cyberpiracy has damaged Spectrum and has caused it irreparable harm, which will continue unless defendants' infringing conduct is enjoined by this Court.

### Count Seven
*Copyright Infringement*

59. Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

60. Spectrum owns the Q-Clock Work and owns a federal copyright registration to the work.

61. Defendants have infringed Spectrum's copyright to the Q-Clock Work at least by reproducing it, displaying it on the QuickFix.Plus website, and preparing derivative works based upon it, including the Quick Fix Plus logo identified above.

62. Defendants' infringement has damaged Spectrum and has caused it irreparable harm, which will continue unless defendants' infringing conduct is enjoined by this Court.

### Count Eight
*Unjust Enrichment*

63. Spectrum incorporates by reference all preceding allegations in this

10

32894394.3

complaint as if fully rewritten herein.

64. Through their unlawful activities, as described above, defendants have obtained benefits, including business and goodwill, which rightfully belong to Spectrum.

65. Defendants have not compensated Spectrum for the benefits that they wrongfully obtained, despite justice and equity requiring it to do so.

66. Defendants have unjustly enriched themselves by obtaining and retaining the ill-gotten benefits of their unlawful activities.

67. Defendants' receipt and retention of the benefits of their unlawful activities is unjust enrichment.

68. Defendants' unjust enrichment has damaged Spectrum and caused it irreparable harm, which will continue unless Defendants' unlawful conduct is enjoined by this Court.

**PRAYER FOR RELIEF**

**WHEREFORE**, Spectrum prays for judgment against defendants as follows:

(A) Actual and compensatory damages in an amount to be determined at trial.

(B) An accounting and disgorgement of defendants' profits.

(C) Statutory damages under the Copyright Act and under the counterfeiting sections of the Lanham Act.

(D) Treble and punitive damages.

(E) Attorneys' fees and litigation expenses.

(F) Pre-judgment and post-judgment interest.

(G) Costs of the action.

(H) Preliminary and permanent injunctive relief, barring defendants, their officers, agents, servants, employees, attorneys, and those who are in

active concert or participation with any of those persons from infringing Spectrum's trademark rights, infringing Spectrum's copyrights, unfairly competing against Spectrum, or committing any of the other unlawful conduct complained of herein.

(I) An order directing that the registrar for the <quickfix.plus> domain name transfer the domain to Spectrum.

(J) Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

                Respectfully submitted,

<u>Dated</u>: January 23, 2024

   /s/ Matthew J. Cavanagh
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for Spectrum Laboratories, LLC*

12

32894394.3

## **Jury Demand**

Spectrum hereby demands a jury trial for all issues so triable.

                                          s/ Matthew J. Cavanagh
                                          *Counsel for Spectrum Laboratories, LLC*