**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Spectrum Laboratories, LLC, ) | |
| ) | Case No. 1:24-cv-00029-MWM |
| Plaintiff, ) | |
| ) | Judge Matthew W. McFarland |
| vs. ) | |
| ) | |
| Fire On Location Corporation et al., ) | |
| ) | |
| Defendants. ) | |

**Declaration of Matthew J. Cavanagh**
**in Support of Spectrum's Motion for Default Judgment**

I, Matthew J. Cavanagh, declare as follows:

1. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify to them.

2. I am a member at the Cleveland, Ohio, law offices of McDonald Hopkins LLC ("McDonald Hopkins" or "MH").

3. I am a 2005 graduate of the Case Western Reserve University Law School in Cleveland, Ohio, and I have actively practiced as a trial attorney in intellectual property matters, and related fields, since 2005.

4. I am licensed to practice law in the state of Ohio, before the United States District Court for the Southern District of Ohio, before various other federal courts, and before the United States Patent and Trademark Office.

5. I represent Plaintiff Spectrum Laboratories LLC in this case and performed the majority of legal work on this matter.

**Defendant's Revenues**

6. After Spectrum filed this action, I communicated with counsel for defendant Fire On Location Corporation ("FOLC") by email and phone.

7. During those communications, FOLC's counsel emailed to me an e-commerce report that he represented ███████████████████████████████████████ ████████████████████████████████ A true copy of that report is attached to this declaration as Ex. C-1. ███████████████████████████████████████ ███████████████████████████████████████████████. FOLC provided that report to me on condition that it be treated as CONFIDENTIAL under this Court's one-tier standard protective order. Thus, I am redacting ████████████ and the report attached as Ex. C-1 from this public version of my declaration and concurrently seek leave to file an unredacted version under seal.

**Spectrum's Attorneys' Fees**

8. The McDonald Hopkins LLC law firm maintains accurate computerized billing records for client matters that detail the billings to Spectrum for this matter, including each billing attorneys' daily time entries, task descriptions, time billed on tasks, dates of tasks, and billing rates.

9. Attached as Ex. C-2 are true copies of McDonald Hopkins' invoices to Spectrum for this matter. The redactions are matters protected by the attorney-client privilege or billings that were entirely omitted from the calculation. McDonald Hopkins has not yet issued invoices for the work that I performed on this matter in April and May 2025. I respectfully submit that all of the hours for which Spectrum seeks recovery were reasonable and necessary to prosecute this case on Spectrum's behalf.

2

10. The legal work to be billed for April is near the end of Ex. C-2 in a "Proforma" generated from McDonald Hopkins' billing system, which shows the time entries that have been entered into the system and will be billed in the next invoice. As for May 2025 work, below is a summary of the work by me to be billed to Spectrum that has not yet been entered into the billing system:

| Task Descriptions | Hours |
|---|---|
| DRAFT PROPOSED ORDER GRANTING DEFAULT JUDGMENT AND ENTERING INJUNCTION (0.6); DRAFT CAVANAGH DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT EXPLAINING WHY RATES ARE REASONABLE AND NUMBER OF HOURS EXPENDED (1.5); REVIEW INVOICES TO REDACT PRIVILEGED INFORMATION AND BILLINGS FOR WHICH SPECTRUM DOES NOT SEEK RECOVERY (1.2); DRAFT SECTION OF DEFAULT JUDGMENT MEMORANDUM REQUESTING THAT COURT ENTER PERMANENT INJUNCTION (0.8); REVIEW OHIO BAR ASSOCIATION'S 2019 SURVEY OF BILLING RATES AND DRAFT SECTION OF CAVANAGH DECLARATION CITING APPLICABLE RATES AND EXPLAINING HOW RATES SOUGHT ARE WITHIN RANGE OF THOSE RATES (1.1). | 5.2 |
| CONTINUE TO DRAFT MOTION FOR DEFAULT JUDGMENT (0.2); CONTINUE TO DRAFT AND REVISE DECLARATION OF M. CAVANAGH IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT (1.1); CONTINUE TO DRAFT AND REVISE MEMORANDUM IN SUPPORT OF MOTION AND ADD CITATIONS TO CAVANAGH DECLARATION AND OTHER RECORD EVIDENCE (1.0); DRAFT MOTION TO FILE CONFIDENTIAL VERSIONS OF DOCUMENTS UNDER SEAL (0.7); PERFORM FINAL REVIEW OF MOTION FOR DEFAULT JUDGMENT AND SUPPORTING DOCUMENTS AND APPROVE SAME FOR ELECTRONIC FILING (1.1). | 4.1 |

11. I billed my services in this action at rates of $526.50 and $571.50 per hour, which are discounted rates. While the detailed time descriptions within the invoices attached as Ex. C-2 show billing rates of $585 and $635 per hour, the first page of each invoice shows a 10% courtesy discount deducted from each invoice total. So the true billing rates are 10% less than what is shown in the detailed time description records, namely $526.50 (90% of

3

$585) and $571.50 (90% of $635) per hour. My current standard billing rate is $635 per hour.

12. To be conservative and simplify the analysis, Spectrum seeks attorneys' fees for my legal work at the lower $526 rate, and does not seek billings by Spectrum's other attorney, David Cupar, who bills at higher rates.

13. I am a degreed engineer, registered patent attorney, experienced intellectual property litigator, Member at McDonald Hopkins, and have practiced intellectual property law for over 20 years, since 2005. I also have represented Spectrum in litigation matters since 2010. While it makes economic sense to delegate certain litigation work to associates with lower hourly rates, the type of work that I performed on this matter—*e.g.*, evaluating the facts and law, drafting the complaint, amending the complaint, communicating with opposing counsel, discussing settlement, and preparing a default judgment motion—is more efficiently performed by me. In my experience, for these type of tasks, associates take longer than me to perform them, I still must devote time to review and revise their work, and clients end up spending more money under these circumstances than if I had done the work myself. This is why, based on my experience and goal to provide the most cost-effective value for clients, I performed most of the work on this matter and why my doing so is reasonable under these circumstances.

14. I have reviewed *The Economics of Law Practice in Ohio in 2019*, published by the Ohio State Bar Association, relevant excerpts of which are attached as Ex. C-3. According to that report, the hourly rates for intellectual property lawyers (Ex. 48) range between $245 (25th percentile) and $595 (95th percentile). Adjusting for inflation—because the rates are

4

36119300.2

from 2019—those ranges equate to about $305 and $740 in today's dollars.[1] The hourly rates for attorneys at law firms with more than 50 attorneys (Ex. 47), which McDonald Hopkins qualifies, range between $255 (25th percentile) and $610 (95th percentile), which converts to $317 and $758 in today's dollars. The hourly rates for attorneys in Downtown Cincinnati (Ex. 47) range between $245 (25th percentile) and $600 (95th percentile), which converts to $305 and $746 in today's dollars. The $526 rate sought by Spectrum falls within these applicable ranges. It makes sense that my rate would fall near the top of these ranges because of my two decades of experience and because intellectual property litigators tend to have higher hourly rates than other intellectual property attorneys, *e.g.*, those who draft and prosecute patent applications.

15. I respectfully submit that, based on the foregoing and my professional experience performing litigation work and billing clients for two decades, a $526 per hour rate is reasonable. Indeed, the fact that clients willingly pay more than this rate, including for matters in the Cincinnati area, further demonstrates the reasonableness of it.

16. Below is a table that I created from MH's invoices and billing records that accurately reflects the hours for which Spectrum seeks recovery on a monthly basis:

| Month | Hours | Fee (Hours x $526 per hour) |
|---|---|---|
| Nov. 2023 | 6.1 | $3,208.60 |
| Dec. 2023 | 1.0 | $526 |
| Jan. 2024 | 5.7 | $2,998.2 |
| Feb. 2024 | 1.6 | $841.60 |
| Mar. 2024 | 3.7 | $1,946.20 |
| Apr. 2024 | 4.6 | $2,419.60 |

---

[1] I calculated the inflation adjusted rates by using the U.S. government's CPI inflation calculator available at bls.gov/data/inflation_calculator.htm. The hourly rates reported in the 2019 OSBA survey were collected in spring 2019. Thus, I used the online calculator to convert April 2019 rates to January 2025 dollars.

5

| Month | Hours | Fee (Hours x $526 per hour) |
|---|---|---|
| May 2024 | 9.6 | $5,049.60 |
| June 2024 | 2.5 | $1,315.00 |
| July 2024 | 14.2 | $7,469.20 |
| Aug. 2024 | 2.2 | $1,157.20 |
| Sept. 2024 | 2.4 | $1,262.40 |
| Oct. 2024 | 3.0 | $1,578.00 |
| Nov. 2024 | 0.8 | $420.80 |
| Dec. 2024 | 3.3 | $1,735.80 |
| Jan. 2025 | 3.2 | $1,683.20 |
| Feb. 2025 | 0.8 | $420.80 |
| Mar. 2025 | 3.2 | $1,683.20 |
| Apr. 2025 | 20.1 | $10,572.60 |
| May 2025 | 9.3 | $4,891.80 |
| **TOTAL** | 97.3 | $51,179.80 |

17. Again, as the attorney who performed this work, and based on my 20 years of experience litigating trademark cases, it is my professional opinion that 97.3 hours of legal work was reasonable and necessary to properly represent Spectrum in this litigation, and the $526 per hour billing rate sought by Spectrum is a competitive market rate in the Cincinnati area for lawyers of comparable skill and experience in the area of intellectual property litigation.

I declare under penalty of perjury that the foregoing is true and accurate.

Executed on May 2, 2025

_____
Matthew J. Cavanagh

36119300.2